AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
U.S. District Court
District of Kansas

SEP 8 2015

Clerk, U.S. District Court
By_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
District of Kansas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Information Associated with "jsoulless40@yahoo.com" that is stored at the premises controlled by Yahoo!, Inc. see attachment A

)
)
)  Case No. 15-M-6218-01-GEB
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252<br>18 U.S.C. 2252A | Possession, receipt and distribution of child pornography |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

John V. Ferreira, SA, ICE
Printed name and title

Sworn to before me and signed in my presence.

Date: 9/8/15

_____
Judge's signature

City and state: Wichita, Kansas

Gwynne E. Birzer, United States Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH JSOULLESS40@YAHOO.COM THAT IS STORED AT PREMISES CONTROLLED BY YAHOO. | Case No. 15-M-6218-01-GEB<br><br>**Filed Under Seal** |

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, John V. Ferreira, Special Agent of Homeland Security Investigations, being duly sworn, do hereby depose and state:

1. I make this affidavit in support of an application for a search warrant for information associated with a certain Yahoo account that is stored at premises owned, maintained, controlled, or operated by Yahoo, an electronic communications service provider headquartered in Sunnyvale, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Yahoo to disclose to the government records and other information in its possession, pertaining to the subscriber or customer associated with the Yahoo account.

2. I am a Special Agent of the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), assigned to the Office of HSI Wichita, Kansas. I

have been employed by HSI for over 10 years. Prior to service with HSI, I served for 9 years as a police officer for the Arizona Department of Public Safety. During my employment with HSI, I have had the opportunity to conduct, coordinate and participate in many investigations relating to Child Pornography and the Sexual Exploitation of Children. I have had the opportunity to conduct, coordinate, and participate in investigations of violations of Title 18, United States Code (U.S.C) § 2252, certain activities relating to material involving the sexual exploitation of minors, and Title 18, U.S.C. § 2252A, certain activities relating to material constituting or containing child pornography. As a special agent of HSI, I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States, including violations of Title 18, United States Code §2252 and 2252A. I have participated in a wide variety of criminal investigations, to include violent crime, crimes against children, document fraud, benefits fraud, illegal entry to the United States, and other federal crimes. I have participated in the preparation and execution of many search warrants, involving the sexual exploitation of minors and certain activities relating to material constituting or containing child pornography.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.  Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. 2252 and 2252A (relating to the possession, receipt, and distribution of child pornography) have been committed by the user of the Yahoo account identified as **jsoulless40@yahoo.com**. There is also probable cause to search the information described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

## DEFINITIONS

5.  The following definitions apply to this Affidavit and Attachment B:

    a.  **"Child Pornography"** includes any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction was a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. See 18 U.S.C. § 2256(8).

    b.  **"Minor"** means any person under the age of 18 years. See 18 U.S.C. § 2256(1).

    c.  **"Sexually explicit conduct"** applies to visual depictions that involve the use of a minor, see 18 U.S.C. § 2256(8) (A), or that have been created, adapted, or modified to appear to depict an identifiable minor, see 18 U.S.C. § 2256(8) (C). In those contexts, the term refers to actual or simulated (a) sexual intercourse (including genital-genital, oral-genital, or oral-anal), whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person. See 18 U.S.C. § 2256(2) (A).

    d.  **"Visual depictions"** include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

e. **"Child Erotica"** means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

## PROBABLE CAUSE

### The Initial Lead

6. On August 7, 2015, Special Agent (SA) Jay Ferreira (your Affiant) was assigned a lead associated with a foreign photo-sharing website[1] account, "twistedsoul," that had uploaded photographs of minor girls and solicited child pornography from other users of the website.

7. According to the lead information, the user of the "twistedsoul" account had posted approximately two dozen pictures of three females who were under the age of eighteen, and made comments suggesting the user had access to, and may be, victimizing the minors:

   a. The photographs were posted in three folders. These folders are titled "Sweet H---", "sexy lil J--- 7yr" and "more H---."[2]

   b. In the "User info" section, the user posted "7-12 I'm interested in. Doing whatever they do. Feel free to contact."

   c. This user also made a comment to one of the pictures, "I'd love to fill them all too" in reply to "Sexy as hell. Do you want her too?"

---

[1] From previous investigations, Affiant knows this foreign photo-sharing website is frequently used by child pornographers to find like-minded individuals. Frequently, child pornographers post images of minors and comment about those images, thus self-identifying as individuals with a sexual interest in children. They then engage in additional trading activity via email or other image-sharing medium.

[2] The names associated with the folders have been redacted due to their association with actual minors known to law enforcement, referenced in paragraph 10.

      d. There were no files uploaded to this account that were nude or contained pornography of the three females. However, this user placed tags for these pictures of buds, legs, preteen, and sexy.

      e. Within the folder "more H---," the user made the comment "someone talk her into nudes. Send me pics if u do." The folder had pictures of a minor female and an Instagram account apparently associated with the minor.

8. The "twistedsoul" account was created on July 22, 2015 and had been accessed from a device on the Verizon Wireless network.

9. Some of the pictures associated with the minor females had EXIF data showing the pictures were taken with a Nokia 635 device (smartphone).

10. The user of the "twistedsoul" account also listed an email account, "jsoulless@yandex.ru."

11. The picture of the Instagram account provided information that lead to the identification of the minor female, as well as her family members, in Wichita, Kansas.

### Identification of the Minor Females

12. Affiant enlisted the aid of the Kansas ICAC, Wichita Police Department, Detective Jennifer Wright, and confirmed the above reported information associated with the "twistedsoul" account.

13. Affiant and Det. Wright contacted the minors' mother, who identified the three minor females in the pictures as: H.N., an unmarried female born in 2002; J.C.C., an unmarried female born in 2007; and J.R.C., an unmarried female born in 2012.

14. Affiant interviewed H.N., who verified the Instagram account as being one she created and had set to private. H.N. said she has had individuals whom she does not know send her requests to access her account since July 22, 2015.

### Identification of Joshua Haskins as "jsoulless"

15. The minors' mother identified the background of several of the pictures as being within their residence, and that certain pictures would have been taken in the last several months. During that time frame, Joshua Haskins had been at the residence.

16. According to the minors' parents, Haskins was homeless and had stayed their residence. Haskins had a smartphone that did not have cellular service, but he would use "wifi" to access the device. Haskins would rent out a "wifi" device from the library in Haysville, Kansas to gain access to the internet through this device. Haskins had a silver 2003 Mazda protégé car, which he had sold earlier this year.

17. Det. Wright utilized publicly available resources to research the screen name "jsoulless" (the moniker associated with the email account for "twistedsoul" profile). Det. Wright found a posting where a user of the screen name "jsoulless" was offering to sell a Protégé in April 2015. The publicly available information associated with this user included a date of birth that matched Haskins. Additionally, in the "Basic Information" section, he listed his first name as Joshua, and his lonely post was titled "J and Toto from Ks." His post stated he resided in Kansas and needed to sell his 2003 Protégé car.

### Interview of Haskins

18. On August 7, 2015, Affiant made contact with Joshua Haskins in Haysville, Sedgwick County Kansas.

19. Haskins had a black Nokia 635smartphone with a blue cover containing a black 4GB Kingston microSD card on his person.

20. Haskins also had a wifi device on his person for internet access on the Verizon Wireless network.

21. Haskins was read his Miranda Rights, which he waived. Affiant asked what kind of car he had, and Haskins said he previously had a silver 2003 Mazda Protégé. When shown a printout of the Protégé listing with the username "jsoulless," he initially said he made that posting, but then quickly changed his mind and said it was not him. When he was asked about the Nokia device and if a search could be done on it, he said he didn't want to assist us in "hanging him on whatever it was we had on him."

### Search of Haskins' devices

22. Affiant requested and obtained a search warrant for the Nokia smartphone and microSD card that was on Haskins when he was taken into custody.

23. WPD Detective Shaun Price completed forensic work and provided Affiant a CD with files that were located on the microSD card in the Nokia smartphone. Affiant viewed the following four files:

    a. Ea8mf6m2nboex.webm: This is a movie file that is approximately 7:13 minutes in length. In this movie there is nude adult white male who is engaged in sexual intercourse with a nude white female. This female

appears to be under the age of twelve based on Affiant's training and experience. The white female performs oral copulation on the adult male and he uses his finger to fondle and insert into her vaginal area during the video as well. This movie file was located on the microSD card under a folder titled "downloads."

b. M74vuhg8q7zvw3.webm: This is a movie file that is approximately 4:05 minutes in length. This is a movie file of numerous females all who appear to be under the age of ten and who are either engaged in masturbation of an adult white male's penis or oral copulation that they perform on the adult white male. One female, a white female who appears to be under the age of ten is performing oral copulation on a dog's penis. This movie file was located on the microSD card under a folder titled "downloads."

c. 009176Library Q=75).jpg: This is a picture of a white female who is nude from the waist down and a white towel is covering her other half. She appears to be under the age of two based on Affiant's training and experience. There is an erect white male's penis touching her vaginal area. This picture had been deleted but was recovered from the microSD card.

d. Kodak easyshare m753 zoom digital camera 2009-09-09 15_59_00.jpg: This is a picture file of a nude white female who is lying on her back. She appears to be under the age of two based on Affiant's training and experience. There is an erect adult white male's penis touching her vaginal area. This picture had been deleted but was recovered from the microSD card.

**The Twitter lead associated with "jsoulless"**

24. On August 17, 2015, Affiant was advised by Detective Jennifer Wright of a CyberTip report (number 4011396) made by Twitter to the National Center for Missing and Exploited Children's CyberTipline.

25. Twitter reported the upload of four picture files of child pornography from a Twitter account, @jeri_up_down.

26. The user of @jeri_up_down provided account information, including:

   a. Full Name: J
   b. Location: Hell

   c. Description: like what I like. All pics from the world wide web.
   d. Phone number: 1-480-340-6202
   e. Email account, jsoulless40@yahoo.com (**TARGET ACCOUNT**)

27. These four pictures were uploaded to Twitter on February 25, 2015. Detective Jennifer Wright viewed the four pictures reported by Twitter. All four pictures contain the same white female who appears to be under the age of 8 based on her training and experience:

   a. File "B-6nYBnVAAIANbt.jpg" is a picture file of the white female wearing a green shirt that she is pulling up while sitting with her legs spread apart with the focus of the picture being her vaginal area.

   b. Files "B-6nYjOUZAAWjSX.jpg; B-6nZxSU0AAf9Oh.jpg and B-6nZZvU8AAUeYk.jpg" are of this same white female nude with the focus of each picture being her vaginal area.

28. Detective Jennifer Wright spoke to Chris Chadd, an employee of the Haysville Community Library who advised the wifi device that was in Haskins' possession was their property. He further advised there is a patron at the library who used the phone number 1-480-340-6202 (the same number seen in the @jeri_up_down account) when they created an account at the library.

29. Affiant obtained a subpoena for the patron information who used the phone number 1-480-340-6202. Affiant received the results on this subpoena on August 17, 2015 with this patron being Joshua Haskins, using the address in Wichita, Kansas where the children he posted pictures of reside, the phone number 1-480-340-6202 and email account "joshua.haskins@gmail.com."

30. Affiant obtained a subpoena for the subscriber of the cellular device using the phone number 1-480-340-6202 on February 25, 2015. Affiant received the results

on this subpoena on August 18, 2015. The subscriber for this phone number is Joshua Haskins, 6661 E. Arbor Avenue, Mesa, Arizona with this service being active on February 25, 2015 and ending on May 9, 2015.

31. Based on the foregoing information, Affiant has probable cause to believe that Joshua Haskins is the user associated with the following accounts:

   a. @jeri_up_down
   b. joshua.haskins@gmail.com
   c. jsoulless40@yahoo.com  **(TARGET ACCOUNT)**
   d. jsoulless@yandex.ru

and that these accounts have all been used to access, receive, store, and distribute child pornography, or to create accounts that have been used to access, receive, store, or distribute child pornography.

32. Because the jsoulless40@yahoo.com does not include the real name of Joshua Haskins, it is likely that the account was created for the purpose of disguising the identity of Joshua Haskins and conducting transactions related to his child pornography activities.

## BACKGROUND RELATED TO YAHOO

33. In my training and experience, I have learned that companies that offer e-mail service such as Microsoft, AOL, Google, and Yahoo! (hereinafter "e-mail service providers") provide a variety of on-line services, including electronic mail ("e-mail") access, to the general public. These e-mail service providers allow subscribers to obtain e-mail accounts at their domain names [such as hotmail.com

and live.com (Microsoft); aol.com (AOL, Inc.); gmail.com (Google); and yahoo.com, ymail.com and sbcglobal.net (Yahoo!)]. Subscribers obtain an account by registering with those respective companies. During the registration process, these e-mail service providers ask subscribers to provide basic personal information. Therefore, the computers of these companies are likely to contain stored electronic communications (including retrieved and un-retrieved e-mail for the e-mail subscribers) and information concerning subscribers and their use of these e-mail provider's services, such as account access information, e-mail transaction information, and account application information.

a. In general, an e-mail that is sent to a Yahoo! subscriber is stored in the subscriber's "mail box" on this company's respective servers until the subscriber deletes the e-mail. If the subscriber does not delete the message, the message can remain on Yahoo!'s servers indefinitely.

b. When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the Internet to Yahoo!'s servers, and then transmitted to its end destination. Yahoo! often saves a copy of the e-mail sent. Unless the sender of the e-mail specifically deletes the e-mail from Yahoo!'s server, the e-mail can remain on the system indefinitely.

c. Sent or received e-mail typically includes the content of the message, source and destination addresses, the date and time at which the e-mail was sent, and the size and length of the e-mail. If an e-mail user writes a draft message but does not send it, that message may also be saved by Yahoo! but may not include all of these categories of data.

d. A subscriber can also store files, including e-mails, address books, contact or buddy lists, calendar data, pictures, and other files, on servers maintained and/or owned by Microsoft.

e. Subscribers to Yahoo! might not store on their home computers copies of the e-mails stored in their respective accounts. This is particularly true when they access their accounts through the web, or if they do not wish to maintain particular e-mails or files in their residence.

f. In general, Yahoo! asks each of their subscribers to provide certain personal identifying information when registering for an e-mail account. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).

g. Yahoo! typically retains certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the various websites), and other log files that reflect usage of the account. In addition, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the e-mail account.

h. In some cases, e-mail account users will communicate directly with Yahoo! about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Yahoo! typically retains records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

i. In my training and experience, evidence of who was using an e-mail account may be found in address books, contact or buddy lists, e-mail in the account, and attachments to e-mails, including pictures and files.

j. When served with a search warrant for electronic communications, a provider, such as Yahoo!, will send the contents of specified email account to the investigating agency, usually on a CD or DVD, for the investigator to review. The provider can copy the contents of the entire account because that is within their expertise. Though the provider affirms that the records relate to the specified email account, the provider does not and will not undertake the examination of the contents of an email account to make a determination as to what is relevant or irrelevant to the investigation, or to determine what may or may not be privileged information. Generally, and in this case particularly, the provider is not familiar with the investigation and is not in a position to identify the victim(s) or subject(s) of the investigation.

k. The provider is neither qualified nor trained to search the account as would a law enforcement officer. Only a trained agent, familiar with the facts of the case can determine what items should or should not be seized. An untrained ISP employee is likely to seize too much to avoid any suggestion that 1) s/he has interfered with a legitimate law enforcement investigation or 2) has defied a court order. For these reasons, your Affiant requests the provider reproduce the records listed in Section 1 of Attachment B, for the email account listed in Attachment A.

l. Further, because the nature of the criminal venture involves avoiding detection, it is typical for individuals to use code in communications, to mislabel attachments, or to otherwise disguise communications about the criminal venture. Additionally, evidence of who was using the e-mail account may be found in a variety of locations. These include: the actual e-mail correspondence in the account, because the content will sometimes include reference to names, either in salutations, signatures, or in the message content itself; attachments to e-mails, including pictures and files, because the content of those may include identifiers such as self-portrait or depicting other physical identifiers, or textual references that include names or addresses, such as an invoice or receipt; address books, contact or buddy lists, because these may show familial contacts or other associates who can identify the user of the email account. Sometimes, an email that appears unrelated on its face (such as a receipt for an internet purchase) provides information (such as a name or credit card number) that identifies the user of the account. For these reasons, the law enforcement investigator must be allowed to review all of the contents of the account, for the evidence listed in Section 2 of Attachment B.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

34. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Yahoo to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized

persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

35. Based on the aforementioned factual information, I respectfully request the Court issued the proposed search warrant.

36. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

37. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

_____
John V. Ferreira
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me in my presence on this 8th day of September, 2015.

_____
THE HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Yahoo email account:

**Jsoulless40@yahoo.com**

that is stored at premises owned, maintained, controlled, or operated by **Yahoo!, Inc.**, a company headquartered at **701 First Avenue, Sunnyvale, CA 94089**.

# ATTACHMENT B

## Particular Things to be Seized

**I.  Information to be disclosed by Yahoo**

To the extent that the information described in Attachment A is within the possession, custody, or control of Yahoo, including any messages, records, files, logs, or information that have been deleted but are still available to Yahoo, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Yahoo is required to disclose the following information to the government for each account listed in Attachment A:

  a. The contents of all e-mails stored in the account, including copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

  b. All records or other information regarding the identification of the e-mail account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

  c. All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files.

**II.  Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of 18 U.S.C. 2252 and 2252A involving Joshua Haskins

since the date of creation of the account, including, for each user ID identified on Attachment A, information pertaining to the following matters:

    a. The identity of the person(s) who created or used the email account, including records that help reveal the whereabouts of such person(s).

    b. Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the account owner;

    c. Evidence indicating the account user's state of mind as it relates to the crimes under investigation;

    d. Child pornography;

    e. Child erotica or pictures of minors;

    f. Communications between the account user and others related to the possession, receipt, distribution or production of child pornography;

    g. Records showing the identity of the person(s) who communicated with the account user about matters relating to sexual explicit conduct with children, including records that help reveal their whereabouts.